UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* <br><br> **BENITAGO INC.,** *et al.,* <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 23-11394 (SHL) <br><br> (Jointly Administered) |

**ORDER (I) ENFORCING THE PROTECTIONS OF
11 U.S.C. §§ 362, 365, 525 AND 541(c); (II) APPROVING THE FORM
AND MANNER OF NOTICE; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) restating and enforcing the protections afforded to them by sections 362, 365, 525, and 541(c) of the Bankruptcy Code, (b) approving the form and manner of notice related thereto, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and the Court having jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and the Court having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Benitago, Inc. (4084); Acrux LLC (9391); Aludra Limited (4147); Algedi LLC (3835); Biham LLC (4095); Canopus LLC (8124); Denebola LLC (5430); Errai LLC (7652); Felis LLC (4176); Ginan LLC (2439); Hamal LLC (1775); Izar LLC (6010); Jabbah LLC (0658); Kamuy LLC (8461); Lich LLC (2892); Maasym LLC (9332); Nusakan LLC (1861); Okab LLC (6499); Phact LLC (3663); Chechia LLC (N/A); Dalim LLC (4741); Segin LLC (8849); Taiyi LLC (N/A); Veritate LLC (6416); Wazn LLC (7193); Yildun LLC (3017); Bharani LLC (1732); Alhena LLC (7613); and Revati LLC (0170). The location of the Debtors' service address for purposes of these chapter 11 cases is: 1 Liberty Street, Ste. 320, New York, New York 10006.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and the Court having reviewed the Motion and the First Day Declaration and having heard the statements in support of the relief requested therein at a hearing before the Court, if any (the "Hearing"); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the Court having determined that the legal and factual basis set forth in the Motion and on the record of the Hearing established just cause for the relief granted herein; and all objections to the Motion, if any, having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Subject to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all foreign and domestic governmental units (as such term is defined in section 101(27) of the Bankruptcy Code) and all those acting for or on their behalf are hereby stayed, restrained, and enjoined from:

   a. commencing or continuing any judicial, administrative, or other action or proceeding against the Debtors, including the issuance or employment of process, that was or could have been initiated before the Chapter 11 Cases commenced;

   b. enforcing, against the Debtors or against property of their estates, a judgment obtained before the commencement of the Chapter 11 Cases;

   c. collecting, assessing, or recovering a claim against the Debtors that arose before the commencement of these Chapter 11 Cases;

   d. taking any action to obtain possession of property of or from the Debtors' estates or to exercise control over property of the Debtors' estates;

   e. taking any action to create, perfect, or enforce any lien against property of the Debtors' estates; or

  f.  offsetting any debt owing to the Debtors that arose before the commencement of these Chapter 11 Cases against any claim against the Debtors;

subject to the exceptions set forth in section 362(b) of the Bankruptcy Code.

  3.  Pursuant to section 365(e)(1) of the Bankruptcy Code, notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the Debtors may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned (i) the insolvency or financial condition of any Debtor at any time before the closing of the case; (ii) the commencement of these Chapter 11 Cases; or (c) the appointment of or taking possession by a trustee or a custodian before the commencement of these Chapter 11 Cases.

  4.  Pursuant to section 525 of the Bankruptcy Code, all foreign and domestic governmental units and all those acting on their behalf are stayed, restrained, and enjoined from any act to:

  a.  deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to the Debtors or the Debtors' affiliates on account of (i) the commencement of the Chapter 11 Cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the Chapter 11 Cases;

  b.  condition a license, permit, charter, franchise, or other similar grant to the Debtors or the Debtors' affiliates on account of (i) the commencement of the Chapter 11 Cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the Chapter 11 Cases;

  c.  discriminate against the Debtors or the Debtors' affiliates with respect to a license, permit, charter, franchise, or other similar grant on account of (i) the commencement of the Chapter 11 Cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the Chapter 11 Cases; or

3

d.  interfere in any way with any and all property of the Debtors' estates, wherever located.

5. Pursuant to section 541 of the Bankruptcy Code, all of the Debtors' interests in property, wherever located and by whomever held, are property of the Debtors' estates notwithstanding any provision in an agreement, transfer agreement, or applicable non-bankruptcy law that restricts or conditions transfer of such interests by the Debtor, or that is conditioned on the insolvency or financial condition of the Debtor on the commencement of these Chapter 11 Cases, or on the appointment of or taking possession by a trustee or custodian before commencement of these Chapter 11 Cases, and that effects or gives an option to effect a forfeiture, modification, or termination of any of the Debtors' interest in property.

6. This Order shall not (i) limit any party's rights with respect to any exceptions set forth in the Bankruptcy Code to the restrictions or limitations described in this Order, (ii) affect any other substantive rights of any party, or (iii) prevent parties from seeking stay relief.

7. The form of notice, substantially in the form attached as **Exhibit 1** hereto, is approved. The Debtors are authorized, but not directed, to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located.

8. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code;

(f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

9. This Order shall be immediately effective and enforceable upon its entry.

10. Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(h) and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York are satisfied by such notice.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: September 5, 2023

/s/ Sean H. Lane
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| **TOGUT, SEGAL & SEGAL LLP**<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000<br>Kyle J. Ortiz<br>Bryan M. Kotliar<br>Amanda C. Glaubach<br>Eitan E. Blander<br><br>*Proposed Counsel to the Debtors*<br>*and Debtors in Possession* | **KLESTADT WINTERS JURELLER**<br>**SOUTHARD & STEVENS**<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>(212) 679-8700<br>Fred Stevens<br>Sean Southard<br><br>*Proposed Co-Counsel to the Acrux Debtors* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re*<br><br>**BENITAGO INC.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11394 (SHL)<br><br>**(Joint Administration Pending)** |

### NOTICE OF ENTRY OF AN ORDER (I) ENFORCING THE PROTECTIONS OF 11 U.S.C. §§ 362, 365, 525, AND 541(c), (II) APPROVING THE FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on August 30, 2023, the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors' chapter 11 cases (the "Chapter 11 Cases") are pending before the Honorable Judge Lane, United States Bankruptcy Judge, and are being jointly administered under the lead case *In re Benitago Inc., et. al.,* Case No. 23-11394.

---

[1] The last four digits of Benitago Inc.'s tax identification number are 9698. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/benitago. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1 Liberty Street, Ste. 320, New York, New York 10006.

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating, statutory stay or injunction, applicable to all entities and protecting the Debtors from, among other things: (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors (i) that was or could have been commenced before the commencement of the Chapter 11 Cases, or (ii) to recover a claim against the Debtors that arose before the commencement of the Chapter 11 Cases; (b) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Chapter 11 Cases; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order (I) Enforcing the Protections of 11 U.S.C. §§ 362, 365, 525, and 541(c), (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* (the "Order") [Docket No. [__]], entered by the Court on [_____], 2023, and attached hereto as **Exhibit A**, all persons wherever located (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), persons party to a contract or agreement with the Debtors, governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

**PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert claims or interests against, seeks or asserts causes of action or other legal or equitable remedies

2

against, or otherwise exercises any rights in law or equity against the Debtors or their estates must do so in front of the Court pursuant to the Order, the Bankruptcy Code, and applicable law.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these Chapter 11 Cases, or are insolvent during the pendency of these Chapter 11 Cases as set forth more particularly in the Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, parties to contracts or agreements with the Debtors are prohibited from terminating such contracts or agreements because of a Debtor's bankruptcy filing—except as permitted by the Court under applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and Rule 9020 of the Federal Rules of Bankruptcy Procedure, among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law—including contempt proceedings resulting in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that copies of the Order and all other documents and pleadings referenced in this notice or pertaining to the Chapter 11 Cases can be viewed and/or obtained by (a) accessing the Court's website for a fee, (b) visiting the website of this Chapter 11 Case for free at https://cases.stretto.com/benitago, or (c) contacting the Office of the Clerk of the Court. Please note that a PACER password is required to access documents on the Court's website.

| | |
|---|---|
| Dated: _____, 2023<br>New York, New York | BENITAGO INC., *et al*<br>*Debtors and Debtors in Possession*<br>By their Proposed Counsel<br>TOGUT, SEGAL & SEGAL LLP<br>By:<br><br>_____<br>Kyle J. Ortiz<br>Bryan K. Kotliar<br>Amanda C. Glaubach<br>Eitan E. Blander<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>Telephone: (212) 594-5000 |